UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHRISTOPHER ROGERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:23-cv-00596-JPH-TAB |
| | ) |
| JESSICA HEATHERLY, | ) |
| M. SUMMERS, | ) |
| DIALLO, | ) |
| SHIVELY, | ) |
| ANGELA REYNOLDS, | ) |
| DANETTE STASIAK, | ) |
| CENTURION HEALTH, | ) |
| | ) |
| Defendants. | ) |

**ORDER SCREENING THE COMPLAINT AND DIRECTING SERVICE OF PROCESS**

Christopher Rogers, a prisoner at Pendleton Correctional Facility, brings this lawsuit alleging violations of his civil rights. Because Mr. Rogers is a prisoner, the Court must screen his complaint before directing service on the defendants. 28 U.S.C. § 1915A.

**I. SCREENING STANDARD**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to

relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. THE COMPLAINT

The complaint names the following defendants: (1) Sgt. Jessica Heatherly; (2) Officer M. Summers; (3) Officer Diallo; (4) Officer Shively; (5) Nurse Angela Reynolds; (6) Nurse Danette Stasiak; and (7) Centurion Health. (Docket Entry 2 at 1). Mr. Rogers seeks an award of damages. (*Id.* at 6).

Liberally construed, the complaint alleges that some of the defendants ignored Mr. Rogers' statements that he was suicidal and failed to take reasonable measures to prevent him from engaging in self-harm.

On January 22, 2023, Mr. Rogers was confined to his cell at Pendleton Correctional Facility. At 10:00 a.m., he told Officer Summers and Officer Diallo that he was suicidal and needed to see the mental health staff. (*Id.* at 3). They communicated his request to Sgt. Heatherly. (*Id.* at 3-4). At 3:30 p.m., Mr. Rogers told Nurse Reynolds about this issue and told her that he wanted to see Sgt. Heatherly and the mental health staff. (*Id.* at 3). At 4:00 p.m., he told Officer Shively the same thing, and Officer Shively told Mr. Rogers to "be cool" and that someone would see him in a moment. (*Id.* at 4). Mr. Rogers heard Sgt. Heathery

on the range and yelled that he needed help, but she told him that she would respond "when [she had] time." (*Id.*). Shortly thereafter, he told Officer Diallo to call a signal 3000 "medical" because he was about to cut himself. (*Id.*) Mr. Rogers then cut his arms with a razor blade. (*Id.*).

### III. DISCUSSION

Applying the screening standard to the allegations in the complaint, the Court finds that some claims must be dismissed and other claims shall proceed.

All claims against Nurse Stasiak are **dismissed**. Aside from listing her as a defendant, the complaint does not mention Nurse Stasiak or make any allegations against her. Accordingly, the complaint does not create a reasonable inference that she was personally involved in a constitutional violation. "Individual liability under § 1983 requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (cleaned up).

All claims against Centurion Health are **dismissed** because the complaint does not allege that Mr. Rogers suffered a constitutional deprivation as a result of a Centurion policy or custom. To be liable under § 1983, private corporations acting under color of state law must have an express policy or custom that resulted in a constitutional deprivation. *Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 766 n.6 (7th Cir. 2002); *Estate of Moreland v. Dieter*, 395 F.3d 747, 758-59 (7th Cir. 2004).

Mr. Rogers' Eighth Amendment claims **shall proceed** against Sgt. Heatherly, Officer Summers, Officer Diallo, Nurse Reynolds, and Officer Shively

3

in their individual capacities based on allegations that they knew he was at a substantial risk of engaging in self-harm and failed to take reasonable measures within their authority to prevent that harm.

This summary includes all viable claims identified by the Court. If Mr. Rogers believes the complaint contains additional viable claims, he may file a notice identifying those claims within **21 days of the issuance of this Order**.

### IV. SERVICE OF PROCESS

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Sgt. Jessica Heatherly, Officer M. Summers, Officer Diallo, Officer Shively, and Nurse Angela Reynolds in the manner specified by Rule 4(d). Process shall consist of complaint, dkt [2], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to terminate Centurion Health and Danette Stasiak as defendants on the docket.

The **clerk is directed** to serve the Indiana Department of Correction and Centurion employees electronically.

Defendant Angela Reynolds is identified as an employee of Centurion. A copy of this Order and the process documents shall also be served on Centurion electronically. Centurion is **ORDERED** to provide the full name and last known home address of Nurse Reynolds if she does not waive service, if Centurion has such information. This information may be provided to the Court informally or may be filed *ex parte*.

4

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 8/14/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

CHRISTOPHER ROGERS
181678
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Electronic Service to the following IDOC Employees
    Sgt. Jessica Heatherly
    Officer M. Summers
    Officer Diallo
    Officer Shively

Electronic Service to Centurion and the following Centurion Employee
    Angela Reynolds